IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TESCO PROPERTIES, INC., and<br>PEPPER TREE – MEMPHIS, LTD. | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| STEVE MULROY, in his official capacity<br>as 30th Judicial District Attorney General,<br>JENNIFER SINK, in her official capacity<br>as Chief Legal Officer for the City of<br>Memphis, and CITY OF MEMPHIS | )<br>)<br>)<br>)<br>)<br>) | Case No. 2:21-cv-02743-JTF-atc |
| | )<br>) | |
| v. | )<br>) | |
| UNITED STATES DEPARTMENT<br>OF HOUSING AND URBAN<br>DEVELOPMENT | )<br>)<br>)<br>) | |
| Defendants, | )<br>) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND DENYING
DEFENDANTS' MOTIONS TO DISMISS AS MOOT**

Before the Court is Plaintiffs TESCO Properties, Inc., and Pepper Tree – Memphis, LTD's (hereinafter "TESCO") Motion to Amend Complaint, filed on January 28, 2022. (ECF No. 37.) Defendants Steve Mulroy and Jennifer Sink filed separate responses on February 11, 2022. (ECF Nos. 44 & 45.) For good cause shown, the Motion is **GRANTED**, and Defendants' Motions to Dismiss, filed on December 27, 2021, (ECF Nos. 27 & 28), are accordingly **DENIED AS MOOT.**

**I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case involves a nuisance action filed by Defendants against TESCO. (ECF No. 1.) Defendants' petition alleges a nuisance claim over crime and safety concerns at Peppertree Apartments, a federally subsidized housing complex in Memphis, Tennessee. (*Id.*) The exact factual history is not relevant to the present motion. The case was initially filed in Shelby County Environmental Court. On December 1, 2021, TESCO removed the case to this Court and filed a separate Complaint for Declaratory Judgment and Injunctive Relief. (*Id.* at 1-4.) The Notice of Removal created a separate case, identified as No. 21-cv-02745-JTF-atc, while the Complaint created the present case. TESCO then filed a Motion for Preliminary Injunction in the present case based on their Complaint. (ECF No. 11.) The preliminary injunction proceedings have been delayed and continued numerous times for various reasons, including settlement discussions, and remain ongoing.

On December 27, 2021, Defendants filed two Motions to Dismiss. (ECF Nos. 27 & 28.) These Motions largely focused on arguments relating to underlying and ongoing state proceedings in Environmental Court, which Defendants argued would be improperly and illegally enjoined if TESCO's Complaint were allowed to proceed. Accordingly, the Defendants argued that the Court should dismiss the complaint or abstain under the doctrine of *Younger v. Harris*. *See generally* (ECF Nos. 27, 28.)

TESCO then filed the present motion on January 28, 2022. (ECF No. 37.) In the motion, TESCO states that the proposed Amended Complaint "adds additional factual allegations, including more details about the animus and attitudes of the Defendants toward African-Americans, women who are victims of domestic violence, and single mothers with minor children, and how those attitudes and actions affect Plaintiffs and residents of Peppertree Apartments." (*Id.* at 2.) The Amended Complaint also adds "additional claims for retaliation under 42 U.S.C. § 3617,

a taking under the U.S. and state of Tennessee Constitutions; intentional interference with business relationships, and a claim for declaratory judgment and additional relief." (*Id.*) TESCO also stated that "the proposed First Amended Complaint addresses most or all of the issues raised by Defendants in the Motions to Dismiss." (*Id.*) Defendants separately responded on February 11, 2022. (ECF Nos. 44 & 45.) Mulroy's response continued to focus on issues of abstention and improper federal court jurisdiction, while Sink's focused on an extended argument that the Motion to Amend would prove futile due to the failures of the claims contained in the proposed First Amended Complaint. (*Id.*)

The case continued to progress, with two actions by the Court relevant the present motion. First, the Court denied a Motion to Remand by Mulroy and Sink in Case No. 21-cv-02745-JTF-atc, finding that the Court has jurisdiction over the case due to the substantial federal question doctrine. (21-2745, ECF No. 28.) Second, the Court consolidated the two cases into the present action. (21-2745, ECF No. 29.) Due to these orders, there are no longer any underlying or ongoing state proceedings related to the present nuisance action.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 allows a party to amend a pleading once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). After this first amendment as of right, or after the 21 day period has passed, a party must receive either the opposing party's written consent or leave of court to amend the pleading again. *Id.* 15(a)(2). Courts should grant leave to amend freely "when justice so requires," and the Sixth Circuit has previously listed factors to guide this determination:

> Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision. Delay by itself is not sufficient reason to deny a motion to

3

> amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted.

*Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). However, "unless an amendment is plainly futile, arguments going towards the sufficiency of the claim 'are better addressed in the context of a motion to dismiss the amended complaint.'" *Oro Capital Advisors, LLC v. Borror Construction Co., LLC*, Case Nos. 2:19-cv-5087, 2:20-cv-4894, 2022 WL 3026862, at *10 (S.D. Ohio Aug. 1, 2022) (quoting *Stuckey v. Online Res. Corp.*, No. 2:08-CV-1188, 2010 WL 11565402, at *2 (S.D. Ohio Nov. 1, 2010)).

### III. LEGAL ANALYSIS

TESCO seeks to amend their complaint to add additional factual allegations, additional claims for retaliation under 42 U.S.C. § 3617, takings under the federal and Tennessee constitutions, intentional interference with business relationships, and declaratory judgment. (ECF No. 37-1, 2-3.) They assert that "the proposed First Amended Complaint addresses most or all of the issues raised by Defendants in the Motions to Dismiss, and would obviate the necessity of the Court considering those motions." (*Id.* at 3.) In support, they note that despite the long delay in case proceedings, no answers have been filed, the motion was brought within two months of the case commencing, (*id.* at 3-4), and the amendments are not futile, (*id.* at 5-7.) Mulroy and Sink filed separate responses. Mulroy's focuses largely on the arguments in the previous Motions to Dismiss, arguing that the amendments would be futile due to the need for this Court to abstain

under *Younger*. Sink's also focuses on futility, but instead addresses the merits of the underlying arguments contained in the new Complaint.

The Court finds that there was no undue delay, lack of notice, or bad faith by TESCO in bringing this Motion. There was also no repeated failure to cure deficiencies in previous amendments, as this is the first amendment sought. Any prejudice to the opposing party's is low given the early procedural stage that the case remains in. Defendants implicitly agree, as futility is the only argument advanced to deny the motion. However, the Court believes that the futility arguments should be addressed after TESCO files its second amended complaint, at which time the opposing parties may renew their Motions to Dismiss to address the specific allegations. *Sanders v. Williams Equipment & Supply Co., Inc.*, No. 09-2281-STA-cgc, 2010 WL 711130, at *2 (W.D. Tenn. Feb. 24, 2020) (recommending this approach); *see also Stuckey.*, 2010 WL 11565402, at *2. This approach would serve the case best for a number of reasons.

First, the arguments contained in the still-pending Motions to Dismiss are largely outdated and were made before the Court determined that it possessed jurisdiction over the present case. The Motions largely focus on doctrines of abstention that are no longer applicable, given that the case is properly before this court without any underlying state proceedings. Updated briefing based on the Amended Complaint would allow for developed arguments that reflect the current state of the case and account for the factual development since the original Motions to Dismiss were filed.

Second, "[i]n its opposition memorandum, Defendant's futility argument reads more like a motion to dismiss or motion for summary judgment, 'but the doctrine of futility is meant to apply in cases where a party *clearly* cannot state a claim.'" *Property Solutions International, Inc. v. Yardi Sys. Inc.*, 2016 WL 1411357, at *2 (D. Utah Apr. 8, 2016) (emphasis added) (quoting *ClearOne Communications, Inc. v. Chiang*, No. 2:07cv00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5,

2007)). In particular, Sink's response offers an in-depth argument of why the proposed Amended Complaint is deficient that involves multiple areas of federal law as well as procedural and merit-based analysis. The Court would benefit from a full response from TESCO on these arguments, and prior case law cautions against essentially ruling on a full Motion to Dismiss, filed as a Response to a Motion to Amend, without hearing from the other party.

Third, the proposed Amended Complaint has already served as the basis of Defendants' response as to why TESCO's Motion for a Preliminary Injunction should be denied. (ECF No. 96, 3-4) ("Plaintiffs' contentions on the merits are that: (1) Defendants violated the FHA or retaliated against them for exercising rights thereunder (Count 1); (2) Defendants have taken their property and denied them any economically viable use of the Pepper Tree Apartments (Count II); and (3) Defendants have intentionally interfered with their business relationships (Count III)."). That motion remains pending before the Court and has only recently become ripe for disposition upon conclusion of an evidentiary hearing that was extended multiple times. Updating the docket with the Amended Complaint (which the parties are already arguing over in new briefings) allows for a new, clear procedural posture before ruling on that motion, which would prevent confusion and allow this complicated, heavily litigated action to proceed in a more straightforward manner.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** TESCO's Motion to Amend. The proposed Amended Complaint is now the operative document. Mulroy and Sink's prior Motions to Dismiss are denied as **MOOT**. *See Sam Carey Lumber Company v. Hogan Architectural Wood Products, LLC*, No. 2:19-cv-02646-TLP-cgc, 2019 WL 7040631, at *1 (W.D. Tenn. Dec. 20, 2019) (mooting previous motions to dismiss upon granting a motion to amend).

**IT IS SO ORDERED** this 22nd day of September, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE